171    567
25 SC  397

John Buchanan, Appellant, *v.* Beaver Borough, Stephen Minor, Burgess; and Henry Hice, Richard S. Holt, Joseph L. Holmes, John R. Eakin, James J. Davidson and James H. Cunningham, Members of Council.

*Boroughs—Road law—Regulation of streets.*

A resolution of a borough council in the nature of an ordinance changing alleys, not transcribed in the ordinance book, and not presented to nor signed by the burgess, and not advertised nor published as required by law, is invalid.

Argued Oct. 16, 1895. Appeal, No. 188, Oct. T., 1895, by plaintiff, from decree of C. P. Beaver Co., June T., 1894, No. 5, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity for an injunction to restrain interference with an alley.

The facts appear by the case of Commonwealth ex rel. v. Beaver Borough, *ante,* p. 542.

EWING, P. J., specially presiding, filed the following opinion :

The opinion and finding of facts this day filed in the case of the commonwealth of Pennsylvania against the same defendants are adopted for this case so far as applicable, and this renders it unnecessary to repeat the conclusions of fact or of law therein set forth.

The plaintiff is specially interested as owner of lots abutting on the alleys on which changes of sidewalk, curb and driveway were being made and in contemplation. He was entitled to notice and a hearing, and not having had this, he can maintain

his bill, taking advantage of fatal irregularities in the enactment of the resolution, under which the changes are in contemplation.

An injunction should issue, restraining the defendants from further proceedings to change the location of curb, sidewalk and driveway on the alleys in question, under the authority of the resolution of May 24, 1893.

As to the public squares, we are unable to see any action of the corporate officers in relation thereto in which the complainant is specially interested or otherwise requiring the court to interfere.

The costs should be paid by the borough of Beaver.

*Error assigned* was decree of court.

*D. F. Patterson, J. R. Harrah* and *Wm. A. McConnel* with him, for appellant.—They are public highways which have been, for over one hundred years, used by public and private individuals, and over which every citizen of the state has an undoubted right to a free and unobstructed passage on foot or otherwise, and every actual encroachment on said alleys may fairly be said to be a nuisance: Com. v. McNaugher, 131 Pa. 55; Wood on Nuisance, sec. 250.

They can no more be obstructed to vehicles or obstructed partially than closed altogether: Com. v. Moorehead, 118 Pa. 344; Kopf v. Utter, 101 Pa. 27.

*L. E. Grim* and *J. R. Martin,* for appellee.—The changes were a mere regulation of the sidewalks and alleys, and in the power of the corporate authorities: Livingston v. Wolf, 136 Pa. 519; Com. v. Zimmerman, 95 Pa. 292; Dillon's Municipal Corporation, 4th ed. 764.

Commonwealth v. Rush, 14 Pa. 187, might be authority against the vacating and closing the alleys.

Ross v. Malcolm, 40 Pa. 285, would be an authority against the borough, if it were seeking to put the sidewalks and driveways on appellant's lands, but not when this borough is only seeking to regulate the driveways which exist.

Commonwealth v. Joseph McNaugher, 131 Pa. 55, is a case where permanent building nuisances, per se, were sought to be

maintained in a public highway, and does not fit the facts in this case.

Commonwealth v. Moorehead, 118 Pa. 344, was precisely the same kind of a case.   Defendant was endeavoring to maintain a building on a public alley.

Kopf v. Utter, 101 Pa. 27, does not touch the question of the corporate authorities' right and power to regulate its streets, alleys, sidewalks and public squares, involved in this case, but only decided that private occupancy of streets, however long, without more, will not ripen into a right.

The placing of the sidewalks a few feet farther from the property line than they had formerly been was certainly a reasonable exercise of corporate power, under the act of April 3, 1851, P. L. 321, to regulate the alleys, and all the more so, as it was being done at the expense of the borough, and not at the special costs of the plaintiff.   The evidence shows that the acts were beneficial, and of no detriment to the plaintiff.

PER CURIAM, October 24, 1895:

All that need be said in relation to the questions presented by this record will be found in the opinion of the learned judge of the 5th judicial district who specially presided at the hearing.   We are all of the opinion that there is no substantial error in any of his rulings ; and the decree is therefore affirmed on his opinion, and it is ordered that the appeal be dismissed with costs, to be paid by the appellant.